DURIE TANGRI LLP
MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
JOSHUA H. LERNER (SBN 220755)
jlerner@durietangri.com
SONALI D. MAITRA (SBN 254896)
smaitra@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:     415-236-6300

Attorneys for Defendant
GOOGLE INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE, INC. PRIVACY POLICY LITIGATION | Case No. 5:12-cv-01382-PSG<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**ADMINISTRATIVE NOTICE OF POTENTIALLY RELATED CASES (L.R. 3-13) AND SUGGESTION THAT THOSE CASES NOT BE RELATED**<br><br>Ctrm:   5 - 4th Floor<br>Judge:  Honorable Paul Singh Grewal |

Pursuant to Local Rule 3-13, Defendant Google Inc. ("Google") hereby gives administrative notice of a potentially related case, *Alice Svenson v. Google Inc. et al.*, Case No. 13-cv-04080-BLF. An amended complaint was filed in that action on September 2, 2014, and is potentially related to the instant action ("*Privacy Policy Litigation*"). Although the actions state similar claims, Google does not believe that the two actions should be related, or either action transferred, for the reasons set forth herein. In brief, although the two actions are both putative class actions regarding alleged disclosure of user data via Google Play or Wallet, the two actions are at different procedural stages (one just having been refiled, the other past Rule 12 pleadings), state different causes of action, involve different parties (the *Svenson* case includes Google Payment Corporation as a defendant), and have different theories of injury. Most centrally, both cases have already been through extended motion practice before this Court and Judge Freemen, and thus the usual reason for consolidation—avoiding judicial inefficiency by having two separate judges get "up to speed" with the same claims—is not only absent here, it is inverted. Were either case to be transferred, it would require a second judge to familiarize him- or herself with a case the other already knows, and would thus decrease judicial efficiency.

Pursuant to L.R. 3-12(b) and 7-11(a), counsel for Google has met and conferred with Plaintiffs' counsel in both cases. Plaintiffs in both cases believe that the two actions do not state similar claims, but recognize that the actions might be considered by some as related. Plaintiffs do not believe that the two actions should be related, or either action transferred, for the judicial efficiency reasons articulated herein.

**I.     PROCEDURAL HISTORY**

Unlike the typical related cases, these two matters were not initially related pursuant to Local Rule 3-12(a). The *Privacy Policy Litigation* was the result of the consolidation of a number of actions filed between January and March 2012 in various courts, and consolidated before this Court in April 2012, with a Consolidated Amended Complaint filed in June 2012. At the time, the *Privacy Policy Litigation* contained no allegations concerning Google Wallet, instead asserting that Google's newly-announced consolidated privacy policy breached its previous privacy policies. It was not until the Consolidated First Amended Complaint ("CFAC"), in March 2013, that Plaintiffs added an allegation that, each time an Android App is downloaded, the user's phone "secretly" transmits user information to

1

ADMINISTRATIVE NOTICE OF POTENTIALLY RELATED CASES (L.R. 3-13) AND SUGGESTION THAT THOSE CASES NOT BE RELATED / CASE NO. 5:12-CV-01382-PSG

the App Developer, thus allegedly depleting battery life. At that time, however, that allegation was just one of many in the CFAC.

The *Svenson* case was filed in September 2013, and assigned first to Judge Lloyd, then to Judge Davila, and finally to Judge Freeman. It was based solely on the allegation that Google Wallet merchants could gain access to information concerning Android App purchasers from Google's servers. The *Svenson* case attempted to state statutory claims, and did not allege either that information was transmitted from users' phones or that users suffered financial loss in the form of battery depletion.

Motion practice ensued, and on August 12, 2014, the *Svenson* case was dismissed in its entirety, with leave to amend. Meanwhile, with the motion to dismiss the *Svenson* case under submission, this Court on July 21, 2014 issued its Order dismissing all of Plaintiffs' claims except those based on the alleged transmission of user data from user phones to App Developers—a claim that was not in the *Privacy Policy Litigation* to begin with. With the filing of the First Amended Complaint in *Svenson*, there are now two putative class actions pending in this Court, both based on claims that Google or the Google Payment Corporation improperly disclose user data to App Developers, albeit alleging very different factual scenarios and stating different causes of action. Because of the many factual, legal, and procedural differences between the two cases, Google requests an Order denying relationship of *Privacy Policy Litigation* and *Svenson*, and allowing each action to proceed as currently assigned.

## II. REASONS SUPPORTING THE REQUEST.

L.R. 3-12(a) provides that actions are related when: "(1) The actions concern substantially the same parties, property, transaction or event *and* (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *Id.* (emphasis added). While there are similarities between *Privacy Policy Litigation* and *Svenson*, the two actions involve different alleged harms and are in materially different procedural postures. The criteria in L.R. 3-12(a) are not met, and the actions should not be related.

### A. *Privacy Policy Litigation* and *Svenson* do not involve substantially the same parties, property, transaction, or event.

To satisfy the first criteria for relatedness in L.R. 3-12(a), both actions must involve "substantially the same parties, property, transaction, or event." L.R. 3-12(a)(1). Google Inc. is a defendant in both

*Privacy Policy Litigation* and *Svenson*.  Google Payment Corporation is a defendant only in *Svenson*. The Plaintiffs in *Privacy Policy Litigation* now purport to represent a class of users of Android devices who downloaded either free or paid Apps from the Google Play store.  *Svenson* purports to represent a nationwide class of persons who purchased an App via Google Play using Google Wallet.  *Svenson* includes a claim for violation of section 2702 of the Stored Communications Act.  *Privacy Policy Litigation* does not.

The primary difference between the two actions is the harm asserted.  The Plaintiffs in *Privacy Policy Litigation* seek to recover the value of the depletion of battery life allegedly caused by the alleged transmission of user information from their Android devices to developers of free or paid Apps.  *See* First Am. Compl. ¶ 21 (Dkt. No. 50) (Mar. 17, 2013).  Plaintiff Svenson seeks to recover a portion of the transaction fee paid in connection with the purchase of an App.  *Svenson* Amended Compl. ¶¶ 148, 160.

Because the nature of the harm alleged differs in each action, the property at issue differs.  If both cases survive, this difference will require substantially different discovery and evidence.  In addition, the transactions and events differ as between the two cases, because *Privacy Policy Litigation* regards any user who download any Apps, free or paid, onto any Android device, and *Svenson* regards purchasers of paid Apps via Google Play, using Google Wallet.  The first criterion in Rule 3-12(a)(1) therefore is not satisfied.

**B.     Maintaining *Privacy Policy Litigation* and *Svenson* as separate actions will not result in unduly burdensome duplication of effort or conflicting results.**

The second criterion for relatedness under Rule 3-12(a) is whether "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."  L.R. 3-12(a)(2).  When applying this criterion, courts take into account the procedural posture of the apparently related actions and will deny relation when one matter is more advanced than the other. *See Hodges v. Akeena Solar, Inc.*, 2010 WL 2756536, at *1 (N.D. Cal. Jul. 9, 2010) (denying relation where earlier filed action "further along procedurally, since it has already survived a Motion to Dismiss"); *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 2009 WL 3458704, at *2 (N.D. Cal. Oct. 23, 2009) (denying relation where other apparently related action had been pending "over a year" and was the subject of a "lengthy order dismissing the First Amended Complaint"); *Hynix*

*Semiconductor v. Rambus Inc.*, 2008 WL 3916304, at *2 (N.D. Cal. Aug. 24, 2008) (denying relation and explaining that one action had proceeded into discovery while the other had not).  Here, because *Privacy Policy Litigation* and *Svenson* are in materially different procedural postures, this criterion is likewise not met.

In *Privacy Policy Litigation*, the pleadings—after several years and multiple pleadings and motions—are settled, and the parties are already engaging in the next phase of the litigation.  They have filed a Revised Joint Case Management Statement that provides for completion of discovery, including expert discovery, in less than a year from now.  The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and anticipate serving amended initial disclosures shortly.  Plaintiffs have served written discovery demands on Google.  The next round of briefing will include a motion by Plaintiffs for class certification and Google is likely to file a targeted summary judgment motion or a request for terminating sanctions under Rule 11 directed at Plaintiffs' claims concerning battery depletion of Android devices.  *See* Revised Joint CMS at 4.[1]

In *Svenson*, by contrast, Plaintiffs filed their First Amended Complaint only days ago.  The *Svenson* defendants will move to dismiss the First Amended Complaint on many of the same grounds asserted in their previous motion.  Having considered these issues in the context of previous dismissal briefing and having given strong guidance to Plaintiffs in her Order dismissing the original *Svenson* Complaint, Judge Freeman is best-positioned to address them again.  Many of these issues would not be addressed in *Privacy Policy Litigation,* given the claims remaining in that case and the harm asserted.  There will be no "duplication of labor" as set forth in L.R. 3-12(a)(2).  *Hodges*, 2010 WL 2756536, at *1 (explaining that "differences in legal claims" minimized risk of "duplication of labor").  To the contrary, transfer of either case would entail duplication of the effort and familiarity of the transferor court.  Simply put, because of the unique manner in which these cases grew to be related, it is far too late for the

---

[1] Plaintiffs have asked us to state that they maintain that they have a good faith basis for all factual allegations in the Consolidated Second Amended Complaint.

preservation of judicial resources that would be available with two "new" related cases.  Thus, the second criterion of L.R. 3-12(a) is also not satisfied.[2]

### III.     CONCLUSION

For the foregoing reasons, the Court should deny relation of the *Privacy Policy Litigation* and *Svenson* actions, and allow them to proceed as currently assigned.

Dated:  September 5, 2014                            DURIE TANGRI LLP

By:  _____*/s/ Michael H. Page*_____
                    MICHAEL H. PAGE

Attorneys for Defendant
GOOGLE INC.

---

[2] Complicating matters, and an additional reason to deny relation, is the fact that in the *Svenson* action Google previously declined consent to proceed before a Magistrate.  *See* Dkt. No. 15 (Oct. 16, 2013). Because of this prior declination, it is not clear that the matters could be related in light of the current assignment of *Privacy Policy Litigation* in this Court.  *See cf. Solannex, Inc. v. MiaSole, Inc.*, 11-CV-00171-PSG, 2012 WL 1894268 (N.D. Cal. May 23, 2012) (denying consolidation under Rule 42 because one party had previously declined proceeding before a Magistrate Judge before whom consolidation was contemplated).

**CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on September 5, 2014 with a copy of this document via the Court's CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

                                            */s/ Michael H. Page*
                                            MICHAEL H. PAGE