1  DURIE TANGRI LLP
   MICHAEL H. PAGE (SBN 154913)
2  mpage@durietangri.com
   JOSHUA H. LERNER (SBN 220755)
3  jlerner@durietangri.com
   SONALI D. MAITRA (SBN 254896)
4  smaitra@durietangri.com
   217 Leidesdorff Street
5  San Francisco, CA 94111
   Telephone:   415-362-6666
6  Facsimile:   415-236-6300

7  Attorneys for Defendant
   GOOGLE INC.

8

9               IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12                                    | Case No. 5:12-cv-01382-PSG

13                                    | **CONSOLIDATED CLASS ACTION**

14  IN RE GOOGLE, INC. PRIVACY POLICY  | **DECLARATION OF FICUS KIRKPATRICK
    LITIGATION                          | IN OPPOSITION TO PLAINTIFFS' MOTION
15                                      | FOR LEAVE TO FILE CONSOLIDATED
                                        | THIRD AMENDED CLASS ACTION
16                                      | COMPLAINT**

17                                      | Date:   February 10, 2015
                                        | Time:   10:00 a.m.
18                                      | Ctrm:   5 - 4th Floor
                                        | Judge:  Honorable Paul Singh Grewal
19

20

21

22

23

24

25

26

27

28

I, Ficus Kirkpatrick, declare as follows:

1.     I am the Head of Engineering for the Google Play Store at Google Inc.  The factual assertions made herein are made of my personal knowledge and, if called upon to do so, I could and would testify competently thereto.

2.     I am familiar with the operation of both Google Play and Google Wallet, and have reviewed the allegations contained in the Consolidated Second Amended Complaint ("CSAC") in the above-captioned matter.  In particular, I have reviewed the allegation in that document that, each time an Android user downloads an App (whether free or purchased) from Google Play, information concerning that user (such as name, username, zip code, and the like, referred to in the CSAC and herein as "personal information") is automatically transmitted from that user's Android device to the developer of that App, and that in the process the device's battery charge is depleted.  Those allegations are false.

3.     In order to understand the process by which Apps are downloaded from Google Play, it is important to distinguish between paid and free Apps, as the process differs between the two.

4.     In order to download a free App from Google Play, an Android user opens the Google Play App on her Android device, and can then search from among the thousands of Apps available there.  That search process is conducted via a series of communications between the user's device and the Google servers and software that comprise Google Play.  Once the user selects an App, the computer code that constitutes that App is transmitted (or "downloaded") from Google's servers to the user's device, where after an installation process is complete, the App is ready for use.

5.     At no point in the process of downloading and installing a free App does the user's device communicate with the developer of the App or any server operated by that developer.  Google does not provide the developer of a free App with any personal information concerning users who have downloaded free Apps.  No Google Wallet account is required in order to download free Apps, and anyone with a basic Google account (such as a Gmail account) can download free Apps without providing any additional personal information.

6.     The process for purchasing an App is slightly different.  Just as with free Apps, the user's device communicates directly with Google's servers only, not with the developer or its equipment.  Before a user can purchase a paid App, however, she must have a Google Wallet account in addition to a

1

1   basic Google account.  Google Wallet is Google's payment mechanism for purchases from Google Play

2   and other services and merchants.  The personal information associated with a user's Google Wallet

3   account is initially provided by the user to Google (either by means of the user's Android device or via

4   the internet) and is stored on Google's servers.  That personal information varies depending on the user

5   and her purchase history.  A user can open a Google Wallet account without providing credit card or

6   other payment information, but in order to make a purchase will later have to either establish a credit

7   balance or provide credit card information, just as in any online or telephonic credit card purchase.

8   Similarly, a user must provide country and zip code (or similar information in other countries) in order

9   for the merchant to determine applicable taxes.  Similarly, if a user uses Google Wallet to purchase

10  physical goods, she will need to provide address information for shipment.  Regardless of the information

11  involved, it is transmitted from the user to Google, and stored on Google's secure servers.

12          7.      Google Wallet (and its predecessor, Google Checkout) makes certain information

13  available to merchants concerning customers who have purchased that merchant's Apps.  That

14  information has varied over time, and at one time included names, usernames, and "coarse" addresses

15  (i.e. country and zip code or local equivalent).  That information, however, was and is made available to

16  merchants only in response to the merchant's inquiry:  a merchant can log into its Google Wallet account

17  and retrieve certain information concerning its sales to its customers via its Wallet Dashboard.  At all

18  relevant times, that process has entailed a request from the merchant, directed to Google's servers, and a

19  response to the merchant, sent from Google's servers.  At no time has that process entailed the

20  transmission of personal information, or any data whatsoever, from a user's Android device to the

21  merchant.

22          8.      I have also reviewed the allegations contained in the proposed Consolidated Third

23  Amended Complaint.  In particular, I have reviewed the allegations contained in paragraphs 17, 18, 67,

24  68, 147, 148, and 166 through 173.  In those paragraphs, Plaintiffs allege that, every time a Google Play

25  user purchases an App, some sort of signal is transmitted from their Android device to "trigger the

26  disclosure to third party developers of their personal information," (¶147), and that Google "causes this

27  disclosure to occur automatically . . . each and every time they purchase an Android application through

28  Google Play." ¶17.  As a result, Plaintiffs allege, "Android device users that purchase paid applications

2

1 | are made to carry the burden of involuntarily transmitting this additional data to third parties, in the form

2 | of depleted device battery power and extra bandwidth consumed by the device." ¶18.

3 |      9.     These allegations are categorically false. As explained above, no information is ever

4 | transmitted from a user's device to any third party developer in the process of buying an App. Neither is

5 | any personal information automatically transmitted to third party developers by Google in that process,

6 | whether "triggered" by the user's device or otherwise. Transmission of a user's personal information to

7 | Google occurs only during the signup process for Google Wallet, and no such information is transmitted

8 | anywhere, by anyone, in the process of purchasing an App.

9 |      10.     Moreover, Google does not automatically transmit personal information to developers.

10 | Rather, as explained above, developers can log into their Google Wallet Merchant Center accounts and

11 | request certain information concerning past purchases of their products. But that process is initiated by

12 | the merchant, not by some "trigger" from the user's device, and does not involve the user's device at all.

13 |      11.     An example may help illustrate this. Suppose two users each purchase an App from

14 | Google Play. Assuming they each have already created an account, the Apps are downloaded to their

15 | devices, and their payment method on file is charged. At no point in the process is any personal

16 | information transmitted to anyone, and at no point in the process is any information transmitted from

17 | either user's device to the third-party developer or anyone other than Google.

18 |      12.     Now suppose that the developer of the first App logs into his Google Wallet Merchant

19 | Center account and looks up information about the purchasers of his App, including our hypothetical

20 | user. That merchant can get certain information about his customer from Google's servers, as described

21 | above, without involving the user's device at all. And suppose that, in contrast, the developer of the

22 | second App chooses not to look up information about our second hypothetical user. In neither case does

23 | the process involve the user's device at all, or use any battery power. And in both cases, the battery

24 | power used in purchasing and downloading the App has nothing to do with the process of providing

25 | information to developers, as that process is the same regardless whether the developer later queries his

26 | Google account or not. Plaintiffs' allegations of signals using battery power and triggering automatic

27 | transmissions of personal information to third parties are entirely false.

28 |      I declare under penalty of perjury under the laws of the State of California that the foregoing is

KIRKPATRICK DECL. ISO GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT / CASE NO. 5:12-CV-01382-PSG

1  true and accurate to the best of my knowledge. Executed on January 16, 2015 at Mountain View,

2  California.

3

4  _____
                    FICUS KIRKPATRICK

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIRKPATRICK DECL. ISO GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT / CASE NO. 5:12-CV-01382-PSG

1

## **CERTIFICATE OF SERVICE**

2        I certify that all counsel of record is being served on January 20, 2015 with a copy of this

3  document via the Court's CM/ECF system.  I further certify that I mailed the foregoing document and the

4  notice of electronic filing by first-class mail to all non-CM/ECF participants.

5                                                                    */s/ Michael H. Page*
                                                              MICHAEL H. PAGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIRKPATRICK DECL. ISO GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT / CASE NO. 5:12-CV-01382-PSG