DURIE TANGRI LLP
MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
JOSHUA H. LERNER (SBN 220755)
jlerner@durietangri.com
SONALI D. MAITRA (SBN 254896)
smaitra@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendant
GOOGLE INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE, INC. PRIVACY POLICY LITIGATION | Case No. 5:12-cv-01382-PSG<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MICHAEL H. PAGE IN SUPPORT OF DEFENDANT GOOGLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Date:    February 10, 2015<br>Time:    10:00 a.m.<br>Ctrm:    5 - 4th Floor<br>Judge:   Honorable Paul Singh Grewal |

I, Michael H. Page, declare as follows:

1. I am an attorney with the law firm of Durie Tangri LLP, counsel to Defendant Google Inc. ("Google"). The factual assertions made herein are made of my personal knowledge and, if called upon to do so, I could and would testify competently thereto.

2. Over the course of this litigation, I have had multiple "meet and confer" discussions with Plaintiffs' counsel, attempting to explain that—contrary to the allegations of their various complaints—the process of downloading either free or paid Apps from Google Play does not involve the transmission of any data from the user's device to any third party, and thus cannot use either battery power or bandwidth in the process of those nonexistent transmissions. Although I repeatedly asked Plaintiffs' counsel for any evidence on which they based their allegations, they have never provided any.

3. On July 21, 2014, this Court dismissed most of Plaintiffs' claims with prejudice. The only remaining claims are two state law claims based on the alleged transmission of personal information to third-party developers. As this Court held, the sole basis for Article III standing to bring those claims was Plaintiffs' repeated allegation that information was being transmitted, repeatedly and systematically, from users' devices to those third parties, thus causing pecuniary harm to Plaintiffs in the form of depleted battery life and bandwidth.

4. I immediately (on July 24, 2014) contacted Plaintiffs' counsel to schedule a "meet and confer" call to discuss their remaining claims. That call took place on July 29, 2014, during which I again emphasized that the factual allegations in their complaint were false, and urged them to consider dismissing their complaint. I also asked if they could offer any factual basis for those claims. Plaintiffs agreed to consider the issue.

5. On September 5, 2014, having heard nothing in response, I wrote to Plaintiffs setting forth in detail Google's position, and urging Plaintiffs to dismiss their claims. A true and correct copy of that letter is attached hereto as Exhibit A.

6. On September 9, 2014, Plaintiffs' counsel responded, offering to "consider" dismissing their claims related to free Apps only, if Google would produce evidence of their falsity. A true and correct copy of that letter is attached hereto as Exhibit B.

7. In a further conversation, Plaintiffs' counsel stated that, if Google would provide a sworn declaration that no personal information is provided to developers of free Apps, they would drop their claims as to free Apps. Google provided that declaration on October 1, 2014. That declaration and the letter accompanying it are attached hereto as Exhibit C.

8. Attached hereto as Exhibit D is a true and correct copy of an October 10, 2014 letter from Plaintiffs' counsel to me confirming that Plaintiffs "[would] not pursue relief" related to free Apps.

9. Attached hereto as Exhibit E is a true and correct copy of my October 17, 2014 letter to Plaintiffs' counsel, enclosing a more detailed declaration discussing the process of downloading both free and paid Apps.

10. Attached hereto as Exhibit F is a is a true and correct copy of a November 18, 2014 letter from Plaintiffs' counsel to me, taking the position that Plaintiffs were not obligated to amend their complaint, and offering to do so only if Google would forego its right to file a Rule 12 challenge to an amended complaint.

11. Attached hereto as Exhibit G is a is a true and correct copy of my December 8, 2014 letter to Plaintiffs' counsel declining that offer, and advising Plaintiffs that Google would be bringing a summary judgment motion.

12. Attached hereto as Exhibit H is a is a true and correct copy of the May 1, 2013 scheduling order entered by Judge Wilken in the case of *Intel Corp. v. Bevintel LLC*, N.D. Cal. Case No. 4:13-CV-00232-CW, ECF No. 20.

13. Attached hereto as Exhibit I is a true and correct copy of a January 9, 2015 email from Plaintiffs' counsel to me.

14. Attached hereto as Exhibit J is a true and correct copy of a February 2013 blog post from the Internet Hugbox blog site, which Plaintiffs have identified as the original source for their allegations concerning disclosures to third party developers.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge. Executed on January 20, 2015 at San Francisco, California.

                                                       */s/ Michael H. Page*
                                                       MICHAEL H. PAGE

## CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on January 20, 2015 with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Michael H. Page*
MICHAEL H. PAGE
