# EXHIBIT E

# Durie Tangri

Michael H. Page
415-362-6666 (main)
mpage@durietangri.com

October 17, 2014

**VIA EMAIL**

Kyle J. McGee
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801
kmcgee@gelaw.com

Re:   *In re Google, Inc. Privacy Policy Litigation*
      Case No. 5:12-cv-01382-PSG

Dear Mr. McGee:

  This responds to your letter of October 10, 2014.  While we appreciate that you now recognize that your claims related to free apps are baseless, and have agreed not to pursue them, that is only part of the issue.  It has been more than a month since we wrote to you detailing the falsity of your complaint's claims as regards *both* free and paid claims:  in neither case is any personal information transmitted from the user's device to anyone—Google or developers—in the process of purchasing or downloading apps from Google Play, and your complaint's allegations to the contrary are simply false.  Those false allegations of battery consumption are also the *only* basis for Article III jurisdiction, and were expressly relied upon by the Court in its decision to assume jurisdiction.

  In response, you asked for early, targeted discovery.  We have provided that to you, and even a cursory review of that information should have confirmed the facts for you.  You also asked for a declaration concerning free applications, and we provided that.  And yet still, more than a month later, you are "considering whether to amend [your] Complaint."

  To make things even clearer, enclosed find a more detailed declaration, covering both free and paid applications.  It contains nothing you do not already know, and will form the basis of a Rule 11 or summary judgment motion in the event you persist in leaving your Complaint on file.  Please confirm that you will either dismiss your Complaint outright or amend it to remove the multiple false statements we have repeatedly identified to you.

  A verification of our interrogatory responses is also attached.

Kyle J. McGee
October 17, 2014
Page 2

Very truly yours,

Michael H. Page

MHP:jp

cc:     James J. Sabella, jsabella@gelaw.com
        Diane T. Zilka, dzilka@gelaw.com
        Mark C. Gardy, mgardy@gardylaw.com
        Orin Kurtz, okurtz@gardylaw.com
        Neal Deckant, ndeckant@bursor.com

```
 1  DURIE TANGRI LLP
    MICHAEL H. PAGE (SBN 154913)
 2  mpage@durietangri.com
    JOSHUA H. LERNER (SBN 220755)
 3  jlerner@durietangri.com
    SONALI D. MAITRA (SBN 254896)
 4  smaitra@durietangri.com
    217 Leidesdorff Street
 5  San Francisco, CA  94111
    Telephone:    415-362-6666
 6  Facsimile:    415-236-6300

 7  Attorneys for Defendant
    GOOGLE INC.
 8
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE, INC. PRIVACY POLICY LITIGATION | Case No. 5:12-cv-01382-PSG <br><br> **CONSOLIDATED CLASS ACTION** <br><br> **DECLARATION OF FICUS KIRKPATRICK IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS** <br><br> Ctrm:  5 - 4th Floor <br> Judge:  Honorable Paul Singh Grewal |

I, Ficus Kirkpatrick, declare as follows:

1. I am the Head of Engineering for the Google Play Store at Google Inc. The factual assertions made herein are made of my personal knowledge and, if called upon to do so, I could and would testify competently thereto.

2. I am familiar with the operation of both Google Play and Google Wallet, and have reviewed the allegations contained in the Consolidated Second Amended Complaint ("CSAC") in the above-captioned matter. In particular, I have reviewed the allegation in that document that, each time an Android user downloads an App (whether free or purchased) from Google Play, information concerning that user (such as name, username, zip code, and the like, referred to in the CSAC and herein as "personal information") is automatically transmitted from that user's Android device to the developer of that App, and that in the process the device's battery charge is depleted. Those allegations are false.

3. In order to understand the process by which Apps are downloaded from Google Play, it is important to distinguish between paid and free Apps, as the process differs between the two.

4. In order to download a free App from Google Play, an Android user opens the Google Play App on her Android device, and can then search from among the thousands of Apps available there. That search process is conducted via a series of communications between the user's device and the Google servers and software that comprise Google Play. Once the user selects an App, the computer code that constitutes that App is transmitted (or "downloaded") from Google's servers to the user's device, where after an installation process is complete, the App is ready for use.

5. At no point in the process of downloading and installing a free App does the user's device communicate with the developer of the App or any server operated by that developer. Google does not provide the developer of a free App with any personal information concerning users who have downloaded free Apps. No Google Wallet account is required in order to download free Apps, and anyone with a basic Google account (such as a Gmail account) can download free Apps without providing any additional personal information.

6. The process for purchasing an App is slightly different. Just as with free Apps, the user's device communicates directly with Google's servers only, not with the developer or its equipment. Before a user can purchase a paid App, however, she must have a Google Wallet account in addition to a

1

DECLARATION OF FICUS KIRKPATRICK IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS
CASE NO. 5:12-CV-01382-PSG

basic Google account. Google Wallet is Google's payment mechanism for purchases from Google Play and other services and merchants. The personal information associated with a user's Google Wallet account is initially provided by the user to Google (either by means of the user's Android device or via the internet) and is stored on Google's servers. That personal information varies depending on the user and her purchase history. A user can open a Google Wallet account without providing credit card or other payment information, but in order to make a purchase will later have to either establish a credit balance or provide credit card information, just as in any online or telephonic credit card purchase. Similarly, a user must provide country and zip code (or similar information in other countries) in order for the merchant to determine applicable taxes. Similarly, if a user uses Google Wallet to purchase physical goods, she will need to provide address information for shipment. Regardless of the information involved, it is transmitted from the user to Google, and stored on Google's secure servers.

7. Google Wallet (and its predecessor, Google Checkout) makes certain information available to merchants concerning customers who have purchased that merchant's Apps. That information has varied over time, and at one time included names, usernames, and "coarse" addresses (i.e. country and zip code or local equivalent). That information, however, was and is made available to merchants only in response to the merchant's inquiry: a merchant can log into its Google Wallet account and retrieve certain information concerning its sales to its customers via its Wallet Dashboard. At all relevant times, that process has entailed a request from the merchant, directed to Google's servers, and a response to the merchant, sent from Google's servers. At no time has that process entailed the transmission of personal information, or any data whatsoever, from a user's Android device to the merchant.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and accurate to the best of my knowledge. Executed on September 30, 2014 at Mountain View, California.

FICUS KIRKPATRICK