# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In Re Google Inc., Privacy Policy Litigation.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 5:12-cv-01382

**EXPERT REPORT OF
DOUGLAS KIDDER**
*April 10, 2015*

address to advise the user of a security issue or an update (although by definition the developer of an app sold to an individual has more direct route to that user through the app itself, and as noted above Google places strict limits on the uses to which developers may put any user information).  Mr. Torres' report does not distinguish in any way between these forms of possible harm.

20.    For information to be valuable, it has to be used in some way.[11]  If I knew tomorrow's winning lottery number but didn't act on that knowledge, the knowledge would have no value.  The fact that application developers *could have* known, and *could have* used the information, fails to make it valuable.

21.    Mr. Torres has failed to establish the fact of any harm at all.  While I understand that experts are allowed some leeway when *quantifying* damages, damages experts have to start by demonstrating that some harm was, in fact, done.  This is frequently described as the distinction between the fact of damages and the quantification of damages.[12]  Mr. Torres' report rests on the premise that the possibility that an application developer could have known some personal information might have caused harm to the individuals.  This is wrong not just because there is no evidence about which (if any) paid application developers accessed the information, it is also wrong because there is no evidence that any information that was accessed was ever used and the way in which it was used.  Mr. Torres has not provided a single example of a use of the personal information that is the subject of this suit by an application developer.  He has simply asserted that 1) they could have accessed the information; and 2) they might have used it for some purpose.

---

[11]    See, e.g. Nicholson, W., *Microeconomic Theory: Basic Principles and Extensions*, 3rd Ed., 1985, CBS College Publishing, p. 214.  "In a sense all individual behavior in uncertain situations can be regarded as being motivated by a lack of information.  If individuals knew that a coin were going to come up heads or that it was not going to rain tomorrow, they would be better off."

[12]    See, e.g., Dunn, R., *Recovery of Damages for Lost Profits*, Volume 1, Sixth Edition, Lawpress Corporation, 2005, §1.8, "While the proof of the *fact* of damages must be certain, proof of the *amount* may be an estimate, uncertain or inexact."

$0.18 opinion because the information is very different.  Mr. Torres offers no basis for why he selected the $0.18, nor can he provide a principled basis.[25]  The first problem with this $0.015 number is that the data includes far more than just the name and email address – it also includes the individual's age and mailing address.[26]  And as described above, even the $0.015 per email address isn't a reliable measure of damages because there is no evidence that any paid application developer ever actually sold or used email addresses obtained solely from Google.

### 5.3.2  $19.31 to $28.26 Academic Study

38.   Mr. Torres cites two studies that attempt to quantify the value of private information.  From these two studies, he selects one of them to provide a range of $19.31 to $28.26.  In doing so, he passes over the other study which offers opinions that someone's age was worth $57.56 and their weight was worth $74.06.[27]

39.   Mr. Torres describes his $19.31 to $28.26 as being an "interest in privacy":

> Thus, in my opinion, a likely range of value for Subclass members' interests in the privacy of their personally identifiable information from unauthorized access and dissemination to third parties would be estimated in the range between **$19.31** and **$28.26**.[28]

40.   Once again, the problem is that Mr. Torres obscures what "personally identifiable information he is referring to.  His support for these amounts is an academic study done in 2007 that used a statistical tool called conjoint analysis to value far more personal information than is at issue in this case.  The study asked 84 subjects in the U.S. and 184 subjects in Singapore for personal information and asked them to

---

[25]   I am not opining that the $0.015 figure is the appropriate one.  Should Mr. Torres offer an opinion that proposes $0.015 as a damages figure, I reserve the right to do further analysis.

[26]   Exhibit 4.

[27]   Report of Fernando Torres on Damages, March 12, 2015, p 9.

[28]   Report of Fernando Torres on Damages, March 12, 2015, p. 10.  Emphasis in the original.

## 7.   SIGNATURE PAGE

58.   I certify that, to the best of my knowledge and belief:

- The statements of fact in this report are true and correct.
- The reported analyses, opinions and conclusions are limited only by the reported assumptions and are my personal, unbiased and professional analyses, opinions and conclusions.
- I have no personal interest or bias with respect to the parties involved.
- My compensation is not contingent on an action or event resulting from the analyses, conclusions or opinions of this report.

_____                    April 10, 2015
Douglas G. Kidder

20